**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DAVID HAMILTON, | ) Case No. CV 21-03446-DSF (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | ) |
| Respondents. | ) |

**I. BACKGROUND**

On April 20, 2021, David Hamilton ("Petitioner"), a California state prisoner proceeding pro se, filed a "Petition for Writ Error Coram Vobis to Escape the Limitations Laid Down in Rule 60(b)" (Dkt. No. 1), which the Court construes as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner challenges his 2010 convictions for mayhem and assault by means likely to produce

great bodily injury in Los Angeles County Superior Court (Case No. BA339752), as well as his sentence of 46-years-to-life.[1] The Petition alleges the following grounds for federal habeas relief: (1) Petitioner is actually innocent; (2) Prior to his arraignment, Petitioner was not administered warnings under Miranda v. Arizona, 384 U.S. 436 (1966); (3) The prosecutor failed to disclose exculpatory evidence, in violation of Petitioner's right to due process; and (4) The withdrawal of Petitioner's plea of not guilty by reason of insanity was "not done so willingly"; and the trial court's refusal to allow Petitioner to communicate with standby counsel during trial proceedings was an abuse of discretion. (Petition at 3-8).[2]

On November 4, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, in which he challenged the same 2010 convictions and

---

[1] The Court takes judicial notice of the pleadings in David Hamilton v. William Knipp, Warden, Case No. CV 14-08537-DSF (RZ) and David Hamilton v. People of the State of California, et al., Case No. CV 17-08154-DSF (AS). On May 12, 2015, Case No. CV 14-08537-DSF (RZ) was transferred to the calendar of the undersigned Magistrate Judge. See David Hamilton v. William Knipp, Warden, Case No. CV 14-08537-DSF (RZ) (Dkt. No. 22).

[2] To the extent that Petitioner is attempting to seek relief from Judgment in Case No. CV 14-08537-DSF (RZ) and/or Case No. CV 17-08154-DSF (AS) under Fed.R.Civ.P 60(b)(6), Petitioner has failed to show extraordinary circumstances justifying the reopening of a final judgment. See Gonzalez v. Crosby, 545 U.S. 524, 536 (2005); LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986) (citations omitted); see also Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998)("To receive Rule 60(b)(6) relief, a moving party must show both injury and that circumstances beyond [his or her] control prevented timely action to protect [his or her] interests.").

sentence ("prior habeas action"). See David Hamilton v. William Knipp, Case No. CV 14-08537-DSF (RZ)(Dkt. No. 1). On June 15, 2015, the Court issued an Order and Judgment denying that habeas petition and dismissing the action with prejudice (based on its untimeliness), in accordance with the findings, conclusions and recommendations of the assigned Magistrate Judge. (Id.; Dkt. Nos. 28-29). On the same date, the Court denied Petitioner a certificate of appealability. (Id.; Dkt. No. 30). On February 16, 2016, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (Id.; Dkt. No. 37).

On November 8, 2017, Petitioner filed what was construed as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, challenging the same 2010 convictions and sentence. See David Hamilton v. People of the State of California, et al., Case No. CV 17-08154-DSF (AS) (Dkt. Nos. 1, 5 at 1). On November 27, 2017, the Court issued an Order and Judgment dismissing that habeas petition without prejudice, as an unauthorized, successive petition, and denied Petitioner a Certificate of Appealability. (Id.; Dkt. Nos. 5-7).

**II. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

>   (a) No circuit or district judge shall be

3

required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." <u>Felker v. Turpin</u>, 518 U.S. 651, 657(1996).

The instant Petition and the prior habeas action challenge Petitioner's custody pursuant to the same 2010 judgment entered by the Los Angeles County Superior Court. Accordingly, the instant Petition, filed on April 20, 2021, well after the effective date of the AEDPA, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. <u>See</u> 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claims asserted in the instant Petition do not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." <u>Tyler v. Cain</u>, 533 U.S. 656, 662 (2001); <u>see also</u> <u>Johnson v. California</u>, 2019 WL 4276636, at n.3 (C.D. Cal. Sept. 10, 2019)("[A] new state right afforded by an amended state statute does not create a new federal constitutional right and certainly is not the equivalent of a federal constitutional right newly recognized by the United States

1  Supreme Court and made retroactively applicable to cases on
2  collateral review."; quoting Trejo v. Sherman, 2016 WL 9075049,
3  at *2 (C.D. Cal. Oct. 24, 2016), report and recommendation
4  accepted, 2016 WL 8738143 (C.D. Cal. Nov. 18, 2016)). However,
5  this determination must be made by the United States Court of
6  Appeals upon a petitioner's motion for an order authorizing the
7  district court to consider his second or successive petition. 28
8  U.S.C. § 2244(b); see Burton v. Stewart, 549 U.S. 147, 157 (2007)
9  (where the petitioner did not receive authorization from the Court
10 of Appeals before filing second or successive petition, "the
11 District Court was without jurisdiction to entertain [the
12 petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000)
13 ("[T]he prior-appellate-review mechanism set forth in § 2244(b)
14 requires the permission of the court of appeals before 'a second
15 or successive habeas application under § 2254' may be
16 commenced."). Because Petitioner has not obtained authorization
17 from the Ninth Circuit Court of Appeals, this Court cannot
18 entertain the present Petition. See Burton v. Stewart, supra.

20 Moreover, even if Petitioner's claim of actual innocence may
21 fall within the exception to the bar on second or successive
22 petitions because it is based on newly discovered evidence (see
23 Petition at 4-5), this determination must be made by the United
24 States Court of Appeals upon a petitioner's motion for an order
25 authorizing the district court to consider his second or
26 successive petition. See McQuiggin v. Perkins, 569 U.S. 383, 386
27 (2013)("We hold that actual innocence, if proved, serves as a
28 gateway through which a petitioner may pass whether the impediment

7

is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."; Under the actual innocence exception to the statute of limitations, a petitioner must show that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"; citation omitted); House v. Bell, 547 U.S. 518, 538 (2006)("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt-or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.").

In any event, Petitioner has not even purported to make a showing of actual innocence, supported by new reliable evidence. See Schlup v. Delo, 513 U.S. 298, 324 (1995)("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."). Petitioner simply has not presented an "exceptional case[] involving a compelling claim of actual innocence." House, 547 U.S. at 521; see Schlup, supra ("[E]xperience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."); McQuiggin, 569 U.S> at 386 ("We caution, however, that tenable actual-innocence gateway pleas are rare").

While it does not appear that the actual innocence exception to filing a successive petition would apply here, this is a determination that must be made by the Ninth Circuit Court of Appeals.

### III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 26, 2021

                                                DALE S. FISCHER
                                     UNITED STATES DISTRICT JUDGE